# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 2:06CR00013 |
| v. | ) | |
| | ) | **OPINION** |
| **ENOC CRAIG SINGLETON,** | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |

On November 3, 2006, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the advisory federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

The court received from the Probation Office an addendum to the defendant's Presentence Investigation Report ("PSR") indicating that the defendant is not eligible for a reduction of his sentence pursuant to § 3582(c)(2).

Having reviewed the PSR, the original judgment, and the addendum, the court concludes that the defendant is not eligible for a reduction of his sentence. The defendant pled guilty to conspiracy to distribute cocaine and five grams or more of cocaine base and possession with intent to distribute cocaine and five grams or more of cocaine base, both in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). According to the findings and conclusions of the PSR—which this court adopted—the defendant was responsible for 18.36 grams of powder cocaine and 7.43 grams of crack cocaine. Pursuant to USSG § 2D1.1 cmt. n.10, the powder and crack cocaine are converted into their marijuana equivalents in order to calculate the drug quantity for purposes of establishing the defendant's base offense level. Accordingly, 18.36 grams of powder cocaine is equivalent to 3.672 kilograms of marijuana and 7.43 grams of crack cocaine is equivalent to 118.8 kilograms of marijuana. Thus, the amount of marijuana attributable to the defendant is 122.552 kilograms. Under the amended sentencing guidelines, this correlates with a base offense level of 26. With a Criminal History Category of II, the amended sentencing guidelines recommend a

term of incarceration ranging from 70 to 87 months for the drug convictions, the same as at the defendant's original sentencing.[1] Because the recommended guideline range has not changed, this court will not reduce the defendant's sentence.

The Clerk will send copies of this opinion to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: April 14, 2008

/S/ JAMES P. JONES
Chief United States District Judge

---

[1] At his original sentencing, the defendant was sentenced to 70 months for each drug conviction, to run concurrently with each other, and 60 months for the § 924(c) conviction, to run consecutively to the drug sentences. The recent amendments to the guidelines do not affect the defendant's sentence for the § 924(c) conviction.

-3-