# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 2:06CR00013 |
| v. | **OPINION** |
| **ENOC CRAIG SINGLETON**, | By: James P. Jones<br>Chief United States District Judge |
| Defendant. | |

*Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The United States Sentencing Commission amended the federal sentencing guidelines applicable to crack cocaine offenses and, pursuant to its authority under 28 U.S.C. § 994(u), made that amendment apply retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who were still incarcerated. *See* U.S.S.G. app. C, amends 706, 711 (Supp. effective Mar. 3, 2008). Those amendments did not affect the drug equivalency tables in U.S.S.G. § 2D1.1(10).

In April 2008, the court received from the Probation Office an addendum to the defendant's Presentence Investigation Report indicating that the defendant was not eligible for a reduction of his sentence pursuant to § 3582(c)(2). In an Opinion and

Order dated April 14, 2008, the court found that the defendant was not eligible for a sentence reduction. In so doing, the court explained that the defendant was not eligible for a reduction because calculation of his offense level using the marijuana equivalency tables in U.S.S.G. § 2D1.1(10) yielded no change in his recommended sentencing guideline range.

Since that Opinion and Order were entered, the Sentencing Commission has amended the Guidelines Manual again. *See* U.S.S.G. app. C, amend 715 (Supp. effective May 1, 2008). Amendment 715 changed the marijuana equivalency tables in § 2D1.1(10). On May 13, 2008, the court entered an order notifying the defendant and the United States Attorney that the defendant was eligible for a reduction of his sentence pursuant to Amendment 715.

The government has objected to any reduction in sentence for this defendant. I will overrule the government's objections.

The government asks the court to reconsider information contained in the Presentence Investigation Report (in particular the conduct underlying the offense and the defendant's criminal history), to consider the fact that the defendant has been treated with "substantial leniency" because he has benefitted from a plea agreement, and to consider the defendant's behavior while incarcerated.

I find none of the government's arguments persuasive. As I have explained on several prior occasions, *see, e.g.*, *United States v. Herndon*, No. 3:01CR00063, 2008 WL 750588 at *1 (W.D. Va. Mar. 19, 2008), the defendant's criminal background and the conduct underlying his offense are taken into consideration when calculating his Criminal History Category and Total Offense Level. The government has failed even to allege that the defendant's criminal history or danger to the public are not accurately conveyed by his Criminal History Category and Total Offense Level. Accordingly, I find that neither the conduct underlying the offense nor the defendant's criminal history is a bar to reducing his sentence.

The government next argues that the defendant has already received a lower sentence than he should have received because he benefitted from a plea agreement, and therefore his sentence should not be reduced. This argument lacks merit. As the defendant correctly noted in his response to the government's opposition, paragraph 60 of the Presentence Investigation Report indicates that the defendant's guideline calculations were unaffected by his plea agreement.

Finally, the government contends the defendant's behavior while incarcerated militates against a reduction in his sentence. In support of this argument the government has submitted a document that it claims is a prison disciplinary report. The document, however, contains no information about disciplinary actions. It does,

however, document educational courses the defendant has completed while incarcerated. The document also indicates that the defendant is designated a minimum security inmate. In short, the administrative document argues for a reduction in the defendant's sentence.

    A separate judgement will be entered.

                                    Dated: June 10, 2008

                                    /S/ JAMES P. JONES
                                  Chief United States District Judge